**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HASUDUNGAN NAPITUPULU, | No. 07-74120 |
| Petitioner, | Agency No. A096-496-849 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Hasudungan Napitupulu, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant the petition for review in part, deny in part, and remand.

The record does not compel the conclusion that the beating Napitupulu suffered from his co-workers or the incidence in which a co-worker put cockroaches in his food, even considered cumulatively, constitute past persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995) (minor abuse of Indo-Fijian during 4-6 hour detention did not compel finding of past persecution).

Substantial evidence supports the agency's denial of CAT relief because Napitupulu failed to show it is more likely than not that he would be tortured if removed to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

In analyzing Napitupulu's withholding of removal claim, however, it is unclear whether the agency applied the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004). Intervening case law holds the disfavored group analysis applies to withholding of removal. *See Wakkary*, 558 F.3d at 1062-65; *see also Tampubolon v. Holder*, No. 06-70811, 2010 WL 2541610, *5 (9th Cir. June 25, 2010) ("[A]ny reasonable factfinder would be compelled to conclude on this record that Christian Indonesians are a disfavored group."). Accordingly, we remand to the agency to consider in the first instance

whether Napitupulu is entitled to withholding of removal under the disfavored group analysis.

Each party shall bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED**.